IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES RONALD WILSON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MR. BLUDSWORTH; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　　　Defendants. | CV 20-45-BLG-SPW<br><br>ORDER |

Before the Court are U.S. Magistrate Judge Cavan's Findings and Recommendations (Doc. 11) regarding *pro se* Plaintiff James Wilson's application for writ of habeas corpus under 28 U.S.C. § 2254. Judge Cavan recommended that the petition be dismissed because all but one of Wilson's claims have been procedurally defaulted without excuse and his remaining claim, a claim of actual innocence, also fails. Wilson timely objected. (Doc. 14).

I.  **Standard of Review**

Litigants are entitled to *de novo* review of those findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews a magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

1

1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018). A district court, when reviewing a magistrate's recommendations, may consider evidence presented for the first time in a party's objections, but it is not required to. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

## II.   Discussion

Wilson "objects to all adverse rulings" in the Magistrate's Findings and Recommendations. (Doc. 14 at 1). In his objection, Wilson reiterates his claims of ineffective assistance of counsel, and Fourth, Fifth, and Fourteenth Amendment violations, as well as newly discovered evidence supporting his claim of actual innocence.

As an initial manner, Wilson has not properly objected to the Magistrate's findings regarding Wilson's claims of constitutional violations or ineffective assistance. Wilson merely recites the factual underpinnings of his claims, but apparently misunderstands the Magistrate's ruling. Judge Cavan determined that Wilson's claims of ineffective assistance and constitutional violations fail because they were procedurally defaulted without excuse. (Doc. 11 at 6-7). Wilson does

not raise any argument on this point, and therefore, reviewing the matter for clear error and finding none, the Court adopts Judge Cavan's findings regarding claims 1, 3, and 4.

Regarding his claim of actual innocence, Wilson objects to the Magistrate's determination, arguing that he should be allowed to proceed because his right to a fair trial was violated by Colstrip Police Chief Jerry Reinlasoder's failure to conduct the crime scene analysis with a "licensed homicide investigation unit" and that the police chief would not have been hired had the City of Colstrip properly checked Reinlasoder's background. (Doc. 14 at 5-6). Wilson then attempts to connect this with violations of Wilson's rights, including purported search warrant violations and jury pool tainting. These argument does not make logical sense and do not address the legal issues at hand. Wilson does not, at any point in his objection, contend with Judge Cavan's conclusion that Wilson's newly discovered evidence claim fails because this evidence is neither newly discovered nor exculpatory. This is fatal to his claim here. Furthermore, as noted by Judge Cavan, the Montana Supreme Court has ruled upon Wilson's claim of actual innocence. Wilson does not contend with this fact in his objection. Wilson has failed to properly object on this claim. The Court cannot identify any legal argument that would support a contrary result. The Court has reviewed Judge Cavan's findings for clear error and found none.

## III. Conclusion

Accordingly, IT IS ORDERED that Judge Cavan's Findings and Recommendations (Doc. 11) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Wilson's Petition (Doc. 1) is DISMISSED with prejudice. The Clerk of Court shall enter a judgment of dismissal. A certificate of appeal is DENIED because Wilson has no basis to encourage further proceedings at this time.

DATED this 9th day of September, 2022.

SUSAN P. WATTERS
United States District Judge